FIRST NATIONAL BANK OF SIDNEY, APPELLEE, V. A. K.
GREENLEE, APPELLANT.

FILED FEBRUARY 16, 1918. No. 19525.

1. Notes: WRITTEN AND PRINTED PROVISIONS. Where there is a con-
flict between the written and the printed provisions of a promis-
sory note, the written provisions prevail. Rev. St. 1913, sec.
5335.

2. ———: ———: NEGOTIABILITY. Where a promissory note contains
the printed words "pay to the order of" immediately before the
name of the payee, and the written word "only" immediately after
the name of the payee, *held*, the written word "only" prevails
over the printed words "pay to the order of," and such note is
nonnegotiable.

APPEAL from the district court for Cheyenne county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*Radcliffe & Tewell, R. W. Devoe* and *C. Petrus Peter-
son,* for appellant.

*Hoagland & Hoagland, Stout, Rose & Wells* and *B. A. Jones, contra.*

MORRISSEY, C. J.

Plaintiff brought this action on a promissory note and recovered a judgment against appellant Greenlee as maker, and against defendant Closman as indorser. Greenlee appeals.

The petition alleges that, December 12, 1912, Closman executed and delivered to plaintiff his promissory note for the sum of $1,000 and, as collateral security therefor, indorsed and delivered the note in suit to plaintiff; that the Closman note and the note in suit were both due and unpaid. Judgment was entered against Closman by default. Defendant Greenlee answered, admitting the execution and delivery of the note by him to Closman and alleged in substance that the note was nonnegotiable and that the consideration therefor had failed. The answer contains a number of allegations calculated to show the transaction between Greenlee and Closman, but their recital is unnecessary for a determination of this case. A jury was waived and the cause tried to the court.

Defendant offered to introduce evidence to show the agreement between the maker and the payee of the note and their understanding of the paper. This evidence was excluded, and the rulings of the court are assigned as error. As the controlling question is the negotiability of the paper as it appears on its face, it is unnecessary to discuss rulings on the admission or exclusion of evidence. The note was written on a standard printed form and reads as follows:

"1,000.                    Sidney, Nebr., Dec. 9th, 1912.

"One year after date I promise to pay to the order of L. F. Closman only one thousand & no/100 Dollars at Sidney, Nebr., with interest at eight per cent. per annum from date.

Value received.                    A. K. GREENLEE."

The date line is written with a pen; the words "one year" and the personal pronoun "I" are written, in the second line, with a pen; "L. F. Closman only," on the third line, is written with a pen; "one thousand & no/100," in the fourth line, is written with a pen; "Sidney, Nebr., with interest at eight per cent. per annum from date" is written with a pen, as is also the signature "A. K. Greenlee." All other parts are printed, including the words "pay to the order of."

There is an apparent conflict between the printed words "pay to the order of," preceding the name of the payee, and the written word "only" following the name of the payee.

Section 5335, Rev. St. 1913, provides: "Where there is a conflict between the written and printed provisions of the instrument, the written provisions prevail." To give full effect to this provision of the statute, the word "only," written with a pen, must be held to prevail over the printed words "pay to the order of." The negotiability of the instrument was restricted by the written word "only," and the plaintiff took the note subject to any defense the maker might have if it were in the hands of the original payee.

Appellant claims that under the pleadings and proof the judgment ought to be reversed and dismissed. We do not care to go so far as this. The negotiability of the note was somewhat clouded by the form of answer filed, and was not presented to the trial court, either by the answer or by the motion for a new trial, in the clear and concise language the question might have been presented. The answer may have misled the trial court, as well as attorneys for the plaintiff, and the admissions in the reply on which appellant now relies for a dismissal of the case may have been inserted because of the peculiar form of the answer. The indorsement and delivery of the note by Closman to plaintiff constituted an assignment thereof to plaintiff. As to

appellant Greenlee, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., concurring. Without reference to the point discussed in the opinion, in my judgment, the note is nonnegotiable on its face.

ROSE and SEDGWICK, JJ., not sitting.

HAMER, J., dissenting.

The note about which the controversy arose is made payable "to the order of L. F. Closman only." As the note is written, it appears to me to be a negotiable instrument. The insertion of the word "only" did not, so far as I can see, change the character of the instrument so that it became nonnegotiable. When the officer of the bank looked at it, he would see that it permitted Closman to indorse it. Whether the note read "to pay to the order of L. F. Closman only," or read "to pay to the order of L. F. Closman," made no difference. In any event, Closman could indorse the note and thereby transfer it. I am not prepared to say that the writing of the word "only" might not have attracted the attention of the officer of the bank who received it, but I most strenuously insist that a note payable to the order of any payee named in the instrument is transferable only by the indorsement of such payee.

Section 5348, Rev. St. 1913, provides the qualities which make an instrument negotiable. The first sentence of the section reads: "An instrument is negotiable when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof." No good reason is given why this note may not be transferred from one person to another so as to constitute the transferee the holder. The closing sentence in the section reads: "If payable to order it is negotiated by the indorsement of the holder completed by delivery." It was "payable to order."

It was indorsed by the holder, and the title to the bank appears to have been made complete "by delivery." It is difficult for me to understand why we should shut our eyes to the fact that the note was made "payable to order." Putting the word "only" in the note did not take away the words "payable to order." Only the payee of the note could properly indorse it. Calling him by name would not seem to have made any change in the intention of the maker.